## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation,

       Plaintiff,

vs.                     CASE NO:

RAFULS & ASSOCIATES CONSTRUCTION
CO. INC., a Florida corporation, and
NORTH PALM ESTATES HOMES, INC.,
a Florida corporation,

       Defendants.

_____/



FILED by _____ D.C.

JAN 2 2 2010

STEVEN M. LARIMORE
CLERK U.S DIST CT
S. D. of FLA. – MIAMI

### COMPLAINT FOR DECLARATORY RELIEF

    MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley") files suit against RAFULS & ASSOCIATES CONSTRUCTION CO. INC. ("Rafuls") and NORTH PALM ESTATES HOMES, INC. ("North Palm"), and in support alleges:

### NATURE OF ACTION

    1.     This is an action for declaratory relief under 28 U.S.C. § 2201 to determine an actual controversy between the parties regarding coverage under a series of insurance policies.

### JURISDICTION AND VENUE

    2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    3.     The amount in controversy exceeds $75,000, exclusive of interest and costs.

    4.     Venue is proper in this district since "a substantial part of the events ... giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(a)(2).  More specifically, the subject insurance policies were issued and delivered in this district and the underlying lawsuits are venued and the claims accrued in this district.

5.      All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

6.      Mt. Hawley is an Illinois corporation with its principal place of business in Peoria, Illinois. Mt. Hawley is accordingly a citizen of Illinois.

7.      Rafuls is a Florida corporation with its principal place of business in Miami, Florida. Rafuls is accordingly a citizen of Florida.

8.      North Palm is a Florida corporation with its principal place of business in Miami, Florida. North Palm is accordingly a citizen of Florida.

## COMMON ALLEGATIONS

9.      ***UNDERLYING LAWSUITS***:  Four sets of homeowners in a community known as North Palm Estates filed separate but nearly identical complaints against Rafuls, the general contractor on the project, and North Palm, the project's developer.  All the plaintiffs seek damages arising from the use of toxic drywall in the construction of their homes.[1]

10.     The lawsuits were initiated in the 11th Judicial Circuit in Miami-Dade County, Florida, bearing the following case numbers: 09-81831 CA 25, 09-81830 CA 15, 09-81832 CA 10, and 09-81828 CA 24.

11.     Each lawsuit consists of a "short form" complaint that adopts various sections of a court approved Master Complaint for Chinese manufactured drywall claims.[2]  Copies of the short form complaints are attached as Composite Exhibit "A,"  and a copy of the Master Complaint is attached as Exhibit "B."

---

[1] G Drywall Corporation, a subcontractor on the project, is also a defendant but is not part of this coverage dispute.

[2] The Master Complaint was adopted and approved by the Circuit Court for Miami-Dade County, Florida in a pretrial order dated October 26, 2009 by Judge Joseph P. Farina, the Chief Judge of the Eleventh Judicial Circuit.

14466789v1 902733 11654

12.     *SHORT FORM COMPLAINTS*:   In the short form complaints, the homeowners allege generally that their homes were built using defective drywall and specifically adopt and incorporate particular allegations from the Master Complaint.

13.     As to North Palm, all of the short form complaints incorporate paragraphs 147-236, 285, and 286 of the Master Complaint. As to Rafuls, the short form complaints incorporate paragraphs 237–286 from the Master Complaint.   In addition, paragraphs 1–5 and 11–43 of the Master Complaint contain general allegations that are incorporated in all the short form complaints regarding both Rafuls and North Palm.[3]

14.     *MASTER  COMPLAINT:*  The Master Complaint alleges that "in December 2008" the plaintiffs first discovered that their homes contained defective drywall. The drywall "emits various sulfide gases and/or other chemicals through 'off-gassing' that causes property damage and potential health hazards."

15.     More specifically, the Master Complaint alleges that the plaintiffs have discovered the following effects from the toxic drywall:

> The drywall Defendant(s) used in the home of the Plaintiff(s) is inherently defective because it emits various sulfide gases and/or other chemicals through "off-gassing" that creates noxious, "rotten egg-like" odors, and causes corrosion ("the Defect") of air-conditioner and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, electronic appliances, and other metal surfaces and household items.

16.     These allegations regarding the toxic nature of the drywall are incorporated into all counts of the Master Complaint, which is incorporated into the short form complaints.

---

[3]   The short form complaints appear to contain scrivener's errors with respect to the specific paragraph numbers adopted from the Master Complaint.  For example, the allegations pertaining to North Palm as the developer begin at paragraph 148 of the Master Complaint, not paragraph 147 as alleged in the short form complaints.  Likewise, the allegations against the Rafuls as the general contractor begin at paragraph 238 instead of paragraph 237 as alleged.  In addition, the personal injury count begins at 286, not 285, and the count for loss of consortium begins at 288 instead of 286.

17.     **COUNTS AGAINST NORTH PALM.**  Section VII. of the Master Complaint, which pertains to North Palm as the "developer," is incorporated into the short form complaints in full and contains Counts A through I.

18.     Count A. of is for strict liability regarding the toxic and defective drywall.

19.     Count B. alleges negligence on the part of North Palm.  The specific negligent acts alleged include:

    a.     failure to use reasonable care in the inspecting of the drywall,

    b.     failure to use reasonable case in testing the drywall, and

    c.     failure to adequately warn of the defects associated with the drywall.

20.     Counts C., D. and E. are for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of habitability.  In these counts, the homeowners allege that North Palm breached the various implied warranties by installing defective drywall in their homes that was not fit to be installed.

21.     Count F. alleges breach of contract on the part of North Palm for failing to deliver homes free of defects.

22.     Count G. alleges negligence for other property.

23.     Count H. is for private nuisance and alleges that North Palm's actions caused sulfide gas and/or other chemical to leak into the homes, which unreasonably interfered with the homeowners' enjoyment of their property and caused potential health risks.

24.     In Count I., the homeowners seek equitable relief in the form of an order requiring North Palm to create, fund, and support a medical monitoring program.

25.     Sections IX. and X. of the Master Complaint are also incorporated into the short form complaints in full and include counts for personal injury and loss of consortium against

14466789v1 902733 11654

North Palm due to the defective and toxic drywall.

26.     ***COUNTS AGAINST RAFULS***.   Section VIII. of the Master Complaint, which pertains to Rafuls as the "general contractor," is incorporated into the short form complaints in full and contains Counts A. through D.

27.     Count A. of is for strict liability regarding the defective and toxic drywall, Count B. alleges negligence on the part of Rafuls, Count C. is for private nuisance, and Count D. seek equitable relief in the form of an order requiring Rafuls to create, fund, and support a medical monitoring program.  The personal injury and loss of consortium counts in Sections IX. and X. of the Master Complaint are also alleged against Rafuls.

28.     The allegations against Rafuls for strict liability, negligence, private nuisance, medical monitoring, personal injury, and loss of consortium are substantially similar to the allegations against North Palm.

29.     As damages, the homeowners seek compensatory damages for repairs, restoration, inspection, replacement and disposal of the toxic drywall, hiring expert consultants, moving and storage expenses, and the loss of use and diminution of value of their homes, as well as personal injury and loss of consortium.

30.     ***MT. HAWLEY POLICIES:***  Mt. Hawley issued a total of six commercial general liability insurance policies identifying the named insured as "Rafuls & Associates Construction, Co. Inc." (the "Policies").  The Policies afford commercial general liability coverage, effective August 25, 2004 through August 25, 2010, with an Each Occurrence limit of $1 Million and an Aggregate limit of $2 Million.  Copies of the Policies are attached as Exhibits "C" through "H."[4]

---

[4] The policy numbers and their respective effective dates are as follows:

MCF0001752 (Effective 08/25/2004 – 08/25/2005)
MCF0002289 (Effective 08/25/2005 – 08/25/2006)

14466789v1 902733 11654

31.    In pertinent part, the Policies provide:[5]

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. …

b.    This insurance applies to "bodily injury" and "property damage" only if:

        **(1)**    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

        **(2)**    The "bodily injury" or "property damage" occurs during the policy period. …

**2.    Exclusions**

This insurance does not apply to:

**h.    Damage To Property**

"Property Damage" to: …

        **(2)**    Premises you sell, give away or abandon, if the "property damage" arises out of any part of the premises; …

        **(5)**    That part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf have performed or are performing operations, if the "property damage" arises out of those operations; or

---

MCF0002673 (Effective 08/25/2006 – 08/25/2007)
MCF0004672 (Effective 08/25/2007 -- 08/25/2008)
MCF0004861 (Effective 08/25/2008 – 08/25/2009)
MCF0004940 (Effective 08/25/2009 – 08/25/2010)

[5] The relevant portions of all six policies are substantially the same.  Any differences are noted.

14466789v1 902733 11654

**(6)**     Any property that must be restored, repaired or replaced because "your work" was incorrectly performed. ...

Paragraphs **(3)**, **(4)**, **(5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion only applies to "property damage" included in the "products completed operations hazard."[6]

**i.      Damage Arising Out Of Your Product**

"Property damage" to "your product" or any other property arising out of or in any way related to "your product" or any part of it. This exclusion only applies to "property damage" included in the "products-completed operations hazard."[7]

**j.      Damage Arising Out Of Your Work**

"Property damage" to "your work" or any other property, arising out of or in any way related to "your work" or any part of it. This exclusion only applies to "property damage" included in the "products-completed operations hazard."[8]

**k.      Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)**     A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)**     A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

**l.      Recall Of Products, Work Or Impaired Property**

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment,

---

[6] Policy No. MCF0001752 (Effective 08/25/2004 – 08/25/2005) does not contain this paragraph limiting the application of the Exclusion h(6) to "property damage" included in the "products completed operations hazard."

[7] Policy No. MCF0001752 (Effective 08/25/2004 – 08/25/2005) does not contain the second sentence of this paragraph limiting the application of the exclusion to "property damage" included in the "products-completed operations hazard."

[8] Policy No. MCF0001752 (Effective 08/25/2004 – 08/25/2005) does not contain the second sentence of this paragraph limiting the application of the exclusion to "property damage" included in the "products-completed operations hazard."

14466789v1  902733  11654

removal or disposal of:

> **(1)** "Your product";
>
> **(2)** "Your work"; or
>
> **(3)** "Impaired property";

if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

## ADDITIONAL EXCLUSIONS APPLICABLE TO COVERAGES A, B AND C

This insurance does not apply to:

### Breach of Contract

Any claim or "suit for "bodily injury," "property damage,' or "personal and advertising injury," including the duty to defend such claim or "suit," arising directly or indirectly out of the following:

**1.** Breach of express or implied contract;

**2.** Breach of express or implied warranty;

**3.** Fraud or misrepresentation regarding the formation, terms or performance of a contract; or

**4.** Libel slander or defamation arising out of or within a contractual relationship.

### Pollution

**1.** "Bodily injury," "property damage" or "personal and advertising injury" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape, contamination, growth, inhalation, ingestion, absorption of, contact with, existence of, presence of or exposure to, "pollutants":

> **a.** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured; …
>
> **d.** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf have performed or are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor; or

14466789v1 902733 11654

e.      Included in the "products-completed operations hazard."

Subparagraph **d.** does not apply to "bodily injury," "property damage," or "personal and advertising injury" arising out of the escape of fuels, lubricants or other operating fluids which are needed to perform the normal electrical, hydraulic or mechanical functions necessary for the operation of "mobile equipment" or its parts, if such fuels, lubricants or other operating fluids escape from a vehicle part designed to hold, store or receive them. This exception does not apply if the "bodily injury" or "property damage" arises out of the intentional discharge, dispersal or release of the fuels, lubricants or other operating fluids, or if such fuels, lubricants or other operating fluids are brought on or to the premises, site or location with the intent that they be discharged, dispersed or released as part of the operations being performed by such insured, contractor or subcontractor;

Subparagraphs **a.** and **d.** do not apply to "bodily injury," "property damage," or "personal injury" arising out of heat, smoke or fumes from a hostile fire.

Subparagraphs **a.** and **d.** do not apply to "bodily injury," if sustained within a building and caused by smoke, fumes, vapor or soot from equipment used to heat that building.

f.      Any loss, cost or expenses arising out of any:

(1)     Request, demand, or order or statutory or regulatory requirement that any insured or others test for, monitor, cleanup, remove, contain, abate, remediate, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; …

(3)     Any payment for the investigation or defense of any loss, injury or damage or any cost, or fine or for any expense, claim or "suit" related to any of the above.

## SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as: …

d.      An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

## SECTION V – DEFINITIONS

3.      "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

14466789v1 902733 11654

**16.**  "Pollutants" means and includes any solid, liquid, gaseous, thermal, etiological or biological irritant, or contaminant or pollutant, including but not limited to smoke, vapor, soot, airborne fibers, fumes, waste, feces, bacteria, acids, alkalis, chemicals, toxins derived from any source, including but not limited to petroleum derivative products, which contaminate, pollute and/or defile any substance or matter.  Waste includes materials to be recycled, reconditioned or reclaimed.

**18.**  "Property damage" means:

**a.**  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cellular devices, data processing devices or any other media which are used with electronically controlled equipment.

**21.**  "Your product":

**a.**  Means:

   **(1)**  Any goods or products manufactured, sold, handled, distributed or disposed of by:

   **(a)**  You;
   **(b)**  Others trading under your name; or
   **(c)**  A person or organization whose business or assets you have acquired; and

   **(2)**  Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.**  "Your product" includes:

   **(1)**  Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and
   **(2)**  The providing of or failure to provide warnings or instructions.
   **(3)**  Does not include vending machines or other property rented to or

14466789v1 902733 11654

located for the use of others but not sold.

**22.**   "Your work":

**a.**   Means:

**(1)**   Work or operations performed by you or on your behalf, including but not limited to work by contractors or subcontractors directly or indirectly on your behalf; and

**(2)**   Materials, parts or equipment furnished in connection with such work or operations.

**b.**   Includes:

**(1)**   Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work;" and

**(2)**   The providing of or failure to provide warnings or instructions.

32.   Policy Numbers MCF0002289, MCF0002673, MCF0004672, MCF0004861, MCF0004940 contain the following pertinent endorsement:

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

### ADDITIONAL INSURED–OWNERS, LESSEES OR CONTRACTORS–AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**   SECTION II – WHO IS AN INSURED is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury," "property damage" or "personal and advertising injury" caused, in whole or in part, by:

**1.**   Your acts or omissions; or

**2.**   The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured.

A person's or organization's status as an additional insured under this

14466789v1 902733 11654

endorsement ends when your operations for that additional insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to: ..

**2.** "Bodily injury" or "property damage" occurring after:

**a.** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than service, maintenance or repairs) to be performed by or on behalf of the additional insured(s) at the Location of the covered operations has been completed; or

**b.** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

33.    Policy No. MCF0001752 contains a similar additional insured endorsement, which provides:

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

## ADDITIONAL INSURED — OWNERS, LESSEES OR CONTRACTORS - AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.** Section II — Who Is An Insured is amended to include as an insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations per formed for that insured. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

**B.** With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

14466789v1  902733  11654

**2.** Exclusions

This insurance does not apply to:

**a.** "Bodily injury," "property damage" or "personal and advertising injury" arising out of the rendering of, or the failure to render, any professional architectural, engineering or surveying services, including:

**(1)** The preparing, approving, or failing to pre pare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; and

**(2)** Supervisory, inspection, architectural or engineering activities.

**b.** "Bodily injury" or "property damage" occurring after:

**(1)** All work, including materials, parts or equipment furnished in connection with such work, on the project (other than ser vice, maintenance or repairs) to be per formed by or on behalf of the additional insured(s) at the site of the covered operations has been completed; or

**(2)** That portion of "your work" out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

34.     Policy Numbers MCF0002673, MCF0004672, MCF0004861, MCF0004940 also

contain the following pertinent endorsement:

## CONSTRUCTION PROJECT – CONDITIONS OF COVERAGE

It is hereby understood and agreed that conditions of coverage under this policy are:

**1.**     Insured will obtain certificates of insurance with limits of liability equal to or greater than those provided by this policy from all "contractors" prior to commencement of any work performed for the insured.

**2.**     Insured will confirm that the "contractors" insurance policies are valid and have not been cancelled prior to commencement of any work by the "contractors" performed for the insured.

**3.**     Insured will obtain written hold harmless agreements from "contractors" indemnifying against all losses from the work performed for the insured

14466789v1  902733  11654

by any and all "contractors" executed prior to the commencement of any work by the "contractors" performed for the insured.

4.    Insured will be named as additional insured on all "contractors" general liability policies.

5.    Insured will give notice of claim to all "potential insurers" and contractual indemnitors as soon as practicable.

"Contractors" means contractors with whom the insured contracts directly.

Potential insurers" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all "contractors" who were contractually obligated to name the insured as an additional insured on their own insurance policy(ies).

In the event the insured fails to comply with the above conditions for a "contractor" whose work directly or indirectly gives rise to a claim, coverage for such claim will be voided under this policy. Insured agrees that we need not demonstrate any prejudice to us in order to enforce these conditions of "coverage.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms of the conditions, provisions, agreements or limitations of the above mentioned policy, other than as above stated.

35.    Policy Numbers MCF0001752 and MCF0002289 contains a similar conditions

of coverage endorsement, which provides:

**CONTRACTORS - CONDITIONS OF COVERAGE**

It is hereby understood and agreed that conditions of coverage under this policy are:

1.    Insured will obtain certificates of insurance with limits of liability equal to or greater than those provided by this policy from all subcontractors prior to commencement of any work performed for the insured.

2.    Insured will confirm that the subcontractors' insurance policies are valid and have not been cancelled prior to commencement of any work by the subcontractors performed for the insured.

3.    Insured will obtain hold harmless agreements from subcontractors indemnifying against all losses from the work per formed for the insured by any and all subcontractors.

14466789v1 902733 11654

**4.**     Insured will be named as additional insured on all subcontractors general liability policies.

**5.**     Insured will give notice of claim to all "potential insurers" as soon as practicable.

"Potential insurers" means all insurance companies who may be obligated to defend the insured as either a named insured or an additional insured. "Potential insurers" includes the insurers of all subcontractors who were contractually obligated to name the insured as an additional insured on their own insurance policy(ies).

In the event the insured fails to comply with the above conditions for a subcontractor whose work directly or indirectly gives rise to a claim, coverage for such claim will be voided under this policy. Insured agrees that we need not demonstrate any prejudice to us in order to enforce these conditions of coverage.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms of the conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

36.     ***DECLARATORY RELIEF***:  Mt. Hawley seeks a declaration that it has no duty to defend or indemnify Rafuls or North Palm against the allegations in the short form complaints.

## COUNT I – NO COVERAGE UNDER THE POLLUTION EXCLUSION

37.     Mt. Hawley incorporates paragraphs 1 through 36.

38.     The underlying short form complaints, which incorporate the Master Complaint, allege damage related to harmful gases emitted from the toxic, Chinese-manufactured drywall used in their homes.

39.     These emitted gases meet the definition of "pollutants" under the policies.

40.     Because of the Pollution Exclusion, Mt. Hawley accordingly has no obligation to defend or indemnify Rafuls or North Palm under any of the policies.

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

a.     Take jurisdiction and adjudicate the rights of the parties under the Policies;

14466789v1  902733  11654

b.   Find that Mt. Hawley has no obligation to defend Rafuls or North Palm, or provide indemnity due to the Pollution Exclusion in the Policies; and

c.   Award Mt. Hawley its costs in this action and such other and further relief as this Court deems equitable, just and proper.

<u>**COUNT II – NO COVERAGE UNDER ADDITIONAL EXCLUSIONS**</u>

41.   Mt. Hawley incorporates paragraphs 1 through 36.

42.   The short form complaints, which incorporated the Master Complaint, allege damages for the cost to repair and replace defective drywall.

43.   Exclusions h., i., j., k., and l. exclude coverage for damages arising from faulty work and defective products.

44.   Because of these exclusions, Mt. Hawley accordingly has no obligation to defend or indemnify Rafuls or North Palm under any of the policies.

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

a.   Take jurisdiction and adjudicate the rights of the parties under the Policies;

b.   Find that Mt. Hawley has no obligation to defend Rafuls or North Palm, or provide indemnity due to these exclusions in the Policies; and

c.   Award Mt. Hawley its costs in this action and such other and further relief as this Court deems equitable, just and proper.

<u>**COUNT III – NO COVERAGE FOR NORTH PALM UNDER**<br>**THE BREACH OF CONTRACT EXCLUSION**</u>

45.   Mt. Hawley incorporates paragraphs 1 through 36.

46.   In the underlying lawsuits, the Master Complaint alleges various causes of action against North Palm arising out of the sales contracts for their homes, including breach of the implied warranty of habitability, breach of the implied warranty of fitness, and breach of

14466789v1 902733 11654

contract.

47.     Under the Breach of Contract Exclusion, there is no coverage for these claims.

48.     Because of the Breach of Contract Exclusion, Mt. Hawley accordingly has no obligation to defend or indemnify North Palm.

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

a.   Take jurisdiction and adjudicate the rights of the parties under the Policies;

b.   Find that Mt. Hawley has no obligation to defend or indemnify North Palm due to the Breach of Contract Exclusion under the Policies; and

c.   Award Mt. Hawley its costs in this action and such other and further relief as this Court deems equitable, just and proper.

## COUNT IV –NO COVERAGE FOR FAILURE TO SATISFY THE POLICIES' INSURING AGREEMENTS

49.     Mt. Hawley incorporates paragraphs 1 through 36.

50.     In order to satisfy the insuring agreements under the Policies, Rafuls and North Palm must show that the short form complaints allege "property damage" or "bodily injury" caused by an "occurrence."

51.     In the underlying lawsuits, the homeowners seek damages for faulty workmanship that resulted in pure economic damages, which does not constitute "property damage" or "bodily injury" caused by an "occurrence."

52.     In addition, the homeowners allege damages for medical monitoring and private nuisance, which does not constitute "property damage" or "bodily injury" caused by an "occurrence."

53.     Accordingly, Mt. Hawley has no obligation to defend or indemnify Rafuls or North Palm under the Policies' insuring agreements.

14466789v1  902733  11654

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

    a.   Take jurisdiction and adjudicate the rights of the parties under the Policies;

    b.   Find that Mt. Hawley has no obligation to defend Rafuls or North Palm, or provide indemnity under the Policies' insuring agreements; and

    c.   Award Mt. Hawley its costs in this action and such other and further relief as this Court deems equitable, just and proper.

## COUNT V – NO COVERAGE FOR RAFULS FOR FAILURE TO COMPLY WITH CONTRACTORS-CONDITIONS OF COVERAGE ENDORSEMENT

54.    Mt. Hawley incorporates paragraphs 1 through 36.

55.    The Policies' Contractors – Conditions of Coverage Endorsements require Rafuls to obtain certificates of insurance from its subcontractors, confirm that the subcontractors coverage is valid, obtain indemnity and hold harmless agreements from the subcontractors, and be named as an additional insured under all polices issued to all subcontractors.

56.    Rafuls failed to comply with these requirements for its work on the project.

57.    Accordingly, to the extent Rafuls failed to comply, Mt. Hawley has no obligation to defend or indemnify Rafuls pursuant to the Contractors-Conditions of Coverage Endorsements.

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

    a.   Take jurisdiction and adjudicate the rights of the parties under the Policies;

    b.   Find that Mt. Hawley has no obligation to defend or indemnity North Palm pursuant to the Contractors-Conditions of Coverage Endorsements; and

    c.   Award Mt. Hawley its costs in this action and such other and further relief as this Court deems equitable, just and proper.

14466789v1 902733 11654

## COUNT VI – NO COVERAGE FOR NORTH PALM
## SINCE IT IS NOT AN INSURED

58.     Mt. Hawley incorporates paragraphs 1 through 36.

59.     North Palm is not a Named Insured under the Policies and does not otherwise qualify as an "insured" under the Policies.

60.     Mt. Hawley accordingly has no duty to defend or indemnify North Palm in connection with the underlying lawsuit.

**WHEREFORE,** Mt. Hawley respectfully requests this Court:

      a.     Take jurisdiction and adjudicate the rights of the parties under the Policies;

      b.     Find that Mt. Hawley has no obligation to defend or indemnity North Palm because North Palm is not an insured under the Policies; and

      d.     Award Mt. Hawley its costs in this action and such other and further relief as this Court deems equitable, just and proper.

HINSHAW & CULBERTSON LLP

**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshawlaw.com
**ERIC A. HILLER**
Florida Bar No. 0027920
ehiller@hinshawlaw.com
9155 South Dadeland Boulevard
Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063

14466789v1 902733 11654

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

IN RE: CHINESE DRYWALL SHORT FORM COMPLAINT

DANIEL O. AVELLO & ISBEL BASULTO,
a married couple, individually and on behalf
of their minor child Daniel Avello,

**CASE NO.:** 09 - 8 1 8 3 1 CA 2 5
**CHINESE DRY WALL**

Plaintiffs,

vs.

NORTH PALM ESTATES HOMES,
INC., a Florida corporation, RAFULS &
ASSOCIATES CONSTRUCTION, INC.,
a Florida corporation, G DRYWALLS
CORPORATION, a Florida Corporation.

Defendants.

---

## SHORT FORM COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, DANIEL O. AVELLO and ISBEL BASULTO, individually and as

parents and natural guardians for their minor child Daniel Avello, pursuant to Judge

Farina's pretrial order dated October 26, 2009, hereby adopts the court approved Master

Complaint in the matter, as set forth herein, In support thereof, Plaintiffs state as follows:

## JURISDICTION, PARTIES AND VENUE

1.     Plaintiffs, DANIEL O. AVELLO and ISBEL BASULTO, are residents of

Miami-Dade County whose home is located at 19871 NW 77 Court, Miami, Florida

33015, and whose home was built using defective drywall. DANIEL O. AVELLO and

ISBEL BASULTO at all times material hereto were married and are the natural parents

EXHIBIT

A

ALL-STATE LEGAL®

and guardians for their minor child Daniel Avello.

2.      Venue in this district is proper because the property that is the subject matter of this action is located in Miami-Dade County at Florida and the cause of action accrued in Miami-Dade County.

## DEFENDANTS

3.      Upon information and belief Defendant, NORTH PALM ESTATES HOMES, INC., a Florida corporation, was the developer and seller of the home.

4.      Directly or indirectly through agents, affiliates, or co-conspirators, Defendant builder/developer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

5.      Upon information and belief Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., a Florida corporation, was the general contractor that built this home.

6.      Directly or indirectly through agents, affiliates, or co-conspirators, Defendant manufacturer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

7.      Upon information and belief Defendant G DRYWALLS CORPORATION, a Florida Corporation, was the drywall subcontractor when this home was constructed.

8.      Directly or indirectly through agents, affiliates, or co-conspirators, Defendant contractor/installer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

## NOTICE OF ADOPTION OF MASTER COMPLAINT

9.  Plaintiffs adopt and restate the following sections of the master complaint against all defendants as if fully set forth herein:

Section I, Paragraphs 1-3;

Section II, Paragraphs 4-5;

Section II(E), Paragraphs 11-12;

Section II(F), Paragraph 13-14;

Section III(A), (B) and (C), Paragraphs 15-43

10.  Plaintiffs adopt and restate the following sections of the master complaint against, NORTH PALM ESTATES HOMES, INC, the builder/developer, as if more fully set forth herein:

Section VI. COUNTS AGAINST BUILDER/DEVELOPER 147-236

A. Strict Liability against Builder/Developer, Paragraphs 147-166;

B. Negligence against Builder/Developer, Paragraphs 167-172;

C. Breach of Implied Warranty of Merchantability Paragraphs 173-182

D. Breach of Implied Warranty of Fitness for a Particular Purpose Paragraphs 183-191

E. Breach of Implied Warranty of Habitability Paragraphs 192-200

F. Breach of Contract Paragraphs 201-208

G. Negligence against Builder/Developer for Other Property, Paragraphs 209-214;

H. Private Nuisance Against Builder Developer, Paragraphs 215-223;

I. Medical Monitoring on behalf of all three Plaintiffs against Builder/ Developer, Paragraphs 224-236;

Section VIII. Personal Injury Claim on behalf of all three Plaintiffs Against this Defendant, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of DANIEL O. AVELLO and ISBEL BASULTO, Paragraph 286.

11.   Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of all three Plaintiffs Against Contractor/Installer; Paragraphs 272-284

Section VIII. Personal Injury Claim on behalf of all three Plaintiffs Against this Defendant Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of DANIEL O. AVELLO and ISBEL BASULTO, Paragraph 286.

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

12.    Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, G. RYWALLS CORPORATION, the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D.   Medical   Monitoring   on   behalf   of   all   three   Plaintiffs   Against Contractor/Installer, Paragraphs 272 to 284;

Section VIII. Personal Injury Claim on behalf of all three Plaintiffs Against this Defendant on behalf of all three Plaintiffs, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of DANIEL O. AVELLO and ISBEL BASULTO; Paragraph 286.

## DEMAND FOR JURY TRIAL

Plaintiffs, DANIEL O. AVELLO and ISBEL BASULTO, hereby demand a trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by process server on all of the Defendants.

ROBERTS & DURKEE, P.A.
**Attorneys for Plaintiffs**
Alhambra Towers, Penthouse I
121 Alhambra Plaza, Suite 1603
Coral Gables, Florida 33134
Tel: (305) 442-1700

BY: _____
C. DAVID DURKEE

MILSTEIN, ADELMAN & KREGER, LLP
**Attorneys for Plaintiffs**
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: (310) 396-9600

By: _____
WAYNE S. KREGER
ISRAEL E. GARCIA
JASON J. RUDOLPH

DATED: November ___, 2009

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

IN RE:  CHINESE DRYWALL SHORT FORM COMPLAINT

JOSE and LISETTE FERNANDEZ,
individually and as parents and natural
guardians for their minor child, KASEY
DISLA FERNANDEZ;

CASE NO.:   09-87830 CA 15
CHINESE DRY WALL

         Plaintiffs,

    vs.

NORTH PALM ESTATES HOMES,
INC., a Florida corporation,  RAFULS &
ASSOCIATES CONSTRUCTION, INC.,
a Florida corporation, G DRYWALLS
CORPORATION, a Florida Corporation.

      Defendants.

---

## CIVIL ACTION SUMMONS

**THE STATE OF FLORIDA:**

**To Each Sheriff of Said State:**

     **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the Complaint

for Damages and Request for Production in this action.

         By Serving -     NORTH PALM ESTATES HOMES, INC.
                           **By and through their Registered Agent**
                           RICHARD RAFULS
                           7901 WEST 25TH AVENUE
                           SUITE 3
                           HIALEAH, FLORIDA 33016

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's

attorney, to wit:

**C. DAVID DURKEE, ESQUIRE**
**ROBERTS& DURKEE, P.A.**
**Alhambra Towers, Penthouse I**
**121 Alhambra Plaza, Suite 1603**
**Coral Gables, Florida 33134**
**Tel: (305) 442-1700**

within twenty (20) days after service of this summons on that Defendant, exclusive of the day of
service, and to file the original of the defense with the clerk of this court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be
entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____.

HARVEY RUVIN
as Clerk of said Court

By:_____
As Deputy Clerk
(Court Seal)

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

IN RE: CHINESE DRYWALL SHORT FORM COMPLAINT

JOSE and LISETTE FERNANDEZ,
individually and as parents and natural
guardians for their minor child, KASEY
DISLA FERNANDEZ;

**CASE NO.:** 09 - 8 1 8 3 0 CA 1 5
**CHINESE DRY WALL**

        Plaintiffs,

vs.

NORTH PALM ESTATES HOMES,
INC., a Florida corporation, RAFULS &
ASSOCIATES CONSTRUCTION, INC.,
a Florida corporation, G DRYWALLS
CORPORATION, a Florida Corporation.

        Defendants.

---

## SHORT FORM COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, Jose and Lisette Fernandez, individually and as parents and natural

guardians for their minor child Kasey Disla Fernandez, pursuant to Judge Farina's pretrial

order dated October 26, 2009, hereby adopts the court approved Master Complaint in the

matter, as set forth herein, In support thereof, Plaintiffs state as follows:

### JURISDICTION, PARTIES AND VENUE

1.    Plaintiffs, Jose and Lisette Fernandez, are residents of Miami-Dade

County whose home is located at 19911 NW 77 Court, Miami, Florida 33015, and whose

home was built using defective drywall.   Jose and Lisette Fernandez at all times material

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

hereto were married and are the natural parents and guardians for their minor child Kasey Disla.

2.    Venue in this district is proper because the property that is the subject matter of this action is located in Miami-Dade County at Florida and the cause of action accrued in Miami-Dade County.

## DEFENDANTS

3.    Upon information and belief Defendant, NORTH PALM ESTATES HOMES, INC., a Florida corporation, was the developer and seller of the home.

4.    Directly or indirectly through agents, affiliates, or co-conspirators, Defendant builder/developer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

5.    Upon information and belief Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., a Florida corporation, was the general contractor that built this home.

6.    Directly or indirectly through agents, affiliates, or co-conspirators, Defendant manufacturer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

7.    Upon information and belief Defendant G DRYWALLS CORPORATION, a Florida Corporation, was the drywall subcontractor when this home was constructed.

8.    Directly or indirectly through agents, affiliates, or co-conspirators, Defendant contractor/installer's acts or omissions related to defective-drywall has injured

Plaintiffs as alleged herein.

## NOTICE OF ADOPTION OF MASTER COMPLAINT

9.     Plaintiffs adopt and restate the following sections of the master complaint against all defendants as if fully set forth herein:

Section I, Paragraphs 1-3;

Section II, Paragraphs 4-5;

Section II(E), Paragraphs 11-12;

Section II(F), Paragraph 13-14;

Section III(A), (B) and (C), Paragraphs 15-43

10.    Plaintiffs adopt and restate the following sections of the master complaint against, NORTH PALM ESTATES HOMES, INC, the builder/developer, as if more fully set forth herein:

Section VI. COUNTS AGAINST BUILDER/DEVELOPER 147-236

A. Strict Liability against Builder/Developer, Paragraphs 147-166;

B. Negligence against Builder/Developer, Paragraphs 167-172;

C. Breach of Implied Warranty of Merchantability Paragraphs 173-182

D. Breach of Implied Warranty of Fitness for a Particular Purpose Paragraphs 183-191

E. Breach of Implied Warranty of Habitability Paragraphs 192-200

F. Breach of Contract Paragraphs 201-208

-3-

G. Negligence against Builder/Developer for Other Property, Paragraphs

209-214;

H. Private Nuisance Against Builder Developer, Paragraphs 215-223;

I. Medical Monitoring on behalf of all three Plaintiffs against Builder/

Developer, Paragraphs 224-236;

Section VIII. Personal Injury Claim on behalf of all three Plaintiffs Against this

Defendant, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of Jose and Lisette Fernandez,

Paragraph 286.

11.      Plaintiffs adopt and restate the following sections of the master complaint

against the Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., the

contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

. C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of all three Plaintiffs Against

Contractor/Installer; Paragraphs 272-284

Section VIII. Personal Injury Claim on behalf of all three Plaintiffs Against this

Defendant Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of Jose and Lisette Fernandez,

Paragraph 286.

12.    Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, G. RYWALLS CORPORATION, the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of all three Plaintiffs Against

Contractor/Installer, Paragraphs 272 to 284;

Section VIII. Personal Injury Claim on behalf of all three Plaintiffs Against this

Defendant on behalf of all three Plaintiffs, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of Jose and Lisette Fernandez,

Paragraph 286.

## DEMAND FOR JURY TRIAL

Plaintiffs, Jose and Lisette Fernandez, hereby demand a trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by process

server on all of the Defendants.

ROBERTS & DURKEE, P.A.
**Attorneys for Plaintiffs**
Alhambra Towers, Penthouse I
121 Alhambra Plaza, Suite 1603
Coral Gables, Florida 33134·
Tel: (305) 442-1700

BY: _____
C. DAVID DURKEE

MILSTEIN, ADELMAN & KREGER, LLP
**Attorneys for Plaintiffs**
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: (310) 396-9600

By: _____
WAYNE S. KREGER
ISRAEL E. GARCIA
JASON J. RUDOLPH

DATED: November ___4___, 2009

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

IN RE: CHINESE DRYWALL SHORT FORM COMPLAINT

JORGE & ROSA PEREZ,

Plaintiffs,

. vs.

NORTH PALM ESTATES HOMES,
INC., a Florida corporation, RAFULS &
ASSOCIATES CONSTRUCTION, INC.,
a Florida corporation, G DRYWALLS
CORPORATION, a Florida Corporation.

Defendants.

CASE NO.:  0 9 - ⸱ ⸱ ⸱ ⸱ ⸱ CA 2 4
**CHINESE DRY WALL**

---

### SHORT FORM COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, JORGE & ROSA PEREZ, pursuant to Judge Farina's pretrial order dated October 26, 2009, hereby adopts the court approved Master Complaint in the matter, as set forth herein, In support thereof, Plaintiffs state as follows:

### JURISDICTION, PARTIES AND VENUE

1.    Plaintiffs, JORGE & ROSA PEREZ, are residents of Miami-Dade County whose home is located at 19851 NW 77 Court, Miami, Florida 33015, and whose home was built using defective drywall. JORGE & ROSA PEREZ at all times material hereto were married.

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

2.     Venue in this district is proper because the property that is the subject matter of this action is located in Miami-Dade County at Florida and the cause of action accrued in Miami-Dade County.

## DEFENDANTS

3.     Upon information and belief Defendant, NORTH PALM ESTATES HOMES, INC., a Florida corporation, was the developer and seller of the home.

4.     Directly or indirectly through agents, affiliates, or co-conspirators, Defendant builder/developer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

5.     Upon information and belief Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., a Florida corporation, was the general contractor that built this home.

6.     Directly or indirectly through agents, affiliates, or co-conspirators, Defendant manufacturer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

7.     Upon information and belief Defendant G DRYWALLS CORPORATION, a Florida Corporation, was the drywall subcontractor when this home was constructed.

8.     Directly or indirectly through agents, affiliates, or co-conspirators, Defendant contractor/installer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

## NOTICE OF ADOPTION OF MASTER COMPLAINT

9.     Plaintiffs adopt and restate the following sections of the master complaint against all defendants as if fully set forth herein:

Section I, Paragraphs 1-3;

Section II, Paragraphs 4-5;

Section II(E), Paragraphs 11-12;

Section II(F), Paragraph 13-14;

Section III(A), (B) and (C), Paragraphs 15-43

10.     Plaintiffs adopt and restate the following sections of the master complaint against, NORTH PALM ESTATES HOMES, INC, the builder/developer, as if more fully set forth herein:

Section VI. COUNTS AGAINST BUILDER/DEVELOPER 147-236

A. Strict Liability against Builder/Developer, Paragraphs 147-166;

B. Negligence against Builder/Developer, Paragraphs 167-172;

C. Breach of Implied Warranty of Merchantability Paragraphs 173-182

D. Breach of Implied Warranty of Fitness for a Particular Purpose Paragraphs 183-191

E. Breach of Implied Warranty of Habitability Paragraphs 192-200

F. Breach of Contract Paragraphs 201-208

G. Negligence against Builder/Developer for Other Property, Paragraphs 209-214;

-3-

H. Private Nuisance Against Builder Developer, Paragraphs 215-223;

I. Medical Monitoring on behalf of Plaintiffs against Builder/ Developer, Paragraphs 224-236;

Section VIII. Personal Injury Claim on behalf of Plaintiffs Against this Defendant, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of JORGE & ROSA PEREZ, Paragraph 286.

11.     Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of Plaintiffs Against

Contractor/Installer; Paragraphs 272-284

Section VIII. Personal Injury Claim on behalf of Plaintiffs Against this

Defendant Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of JORGE & ROSA PEREZ,

Paragraph 286.

12.     Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, G. RYWALLS CORPORATION, the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of Plaintiffs Against Contractor/Installer, Paragraphs 272 to 284;

Section VIII. Personal Injury Claim on behalf Plaintiffs Against this Defendant on behalf of all three Plaintiffs, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of JORGE & ROSA PEREZ, Paragraph 286.

## DEMAND FOR JURY TRIAL

Plaintiffs, JORGE & ROSA PEREZ, hereby demand a trial by jury as to all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by process server on all of the Defendants.

ROBERTS & DURKEE, P.A.
**Attorneys for Plaintiffs**
Alhambra Towers, Penthouse I
121 Alhambra Plaza, Suite 1603
Coral Gables, Florida 33134
Tel: (305) 442-1700

BY: _____

C. DAVID DURKEE

MILSTEIN, ADELMAN & KREGER, LLP
**Attorneys for Plaintiffs**
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: (310) 396-9600

By: _____

WAYNE S. KREGER
ISRAEL E. GARCIA
JASON J. RUDOLPH

DATED: November ___, 2009

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

IN RE: CHINESE DRYWALL SHORT FORM COMPLAINT

VICTOR A. GONZALEZ and YELENE
SOCARRAS, individually and as natural
parents and guardians for Jayden Gonzalez
and Jaylyn Gonzalez, minor children,

                    Plaintiffs,

       vs.

NORTH PALM ESTATES HOMES,
INC., a Florida corporation, RAFULS &
ASSOCIATES CONSTRUCTION, INC.,
a Florida corporation, G DRYWALLS
CORPORATION, a Florida Corporation.

                    Defendants.

CASE NO.:
**CHINESE DRY WALL**

09 - 8 7 6 3 2 CA 1 0

## SHORT FORM COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiffs, VICTOR A. GONZALEZ and YELENE SOCARRAS, individually and
as natural parents and guardians for Jayden Gonzalez and Jaylyn Gonzalez, minor
children, pursuant to Judge Farina's pretrial order dated October 26, 2009, hereby adopts
the court approved Master Complaint in the matter, as set forth herein, In support thereof,
Plaintiffs state as follows:

### JURISDICTION, PARTIES AND VENUE

1.    Plaintiffs, VICTOR A. GONZALEZ and YELENE SOCARRAS, are
residents of Miami-Dade County whose home is located at 19851 NW 77 Court, Miami,

Florida 33015, and whose home was built using defective drywall. VICTOR A. GONZALEZ and YELENE SOCARRAS at all times material hereto were married and are the natural parents and guardians for their minor children, Jayden Gonzalez and Jaylyn Gonzalez.

2.     Venue in this district is proper because the property that is the subject matter of this action is located in Miami-Dade County at Florida and the cause of action accrued in Miami-Dade County.

## DEFENDANTS

3.     Upon information and belief Defendant, NORTH PALM ESTATES HOMES, INC., a Florida corporation, was the developer and seller of the home.

4.     Directly or indirectly through agents, affiliates, or co-conspirators, Defendant builder/developer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

5.     Upon information and belief Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., a Florida corporation, was the general contractor that built this home.

6.     Directly or indirectly through agents, affiliates, or co-conspirators, Defendant manufacturer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

7.     Upon information and belief Defendant G DRYWALLS CORPORATION, a Florida Corporation, was the drywall subcontractor when this home was constructed.

8. Directly or indirectly through agents, affiliates, or co-conspirators, Defendant contractor/installer's acts or omissions related to defective-drywall has injured Plaintiffs as alleged herein.

## NOTICE OF ADOPTION OF MASTER COMPLAINT

9. Plaintiffs adopt and restate the following sections of the master complaint against all defendants as if fully set forth herein:

Section I, Paragraphs 1-3;

Section II, Paragraphs 4-5;

Section II(E), Paragraphs 11-12;

Section II(F), Paragraph 13-14;

Section III(A), (B) and (C), Paragraphs 15-43

10. Plaintiffs adopt and restate the following sections of the master complaint against, NORTH PALM ESTATES HOMES, INC, the builder/developer, as if more fully set forth herein:

Section VI. COUNTS AGAINST BUILDER/DEVELOPER 147-236

A. Strict Liability against Builder/Developer, Paragraphs 147-166;

B. Negligence against Builder/Developer, Paragraphs 167-172;

C. Breach of Implied Warranty of Merchantability Paragraphs 173-182

D. Breach of Implied Warranty of Fitness for a Particular Purpose Paragraphs 183-191;

E. Breach of Implied Warranty of Habitability Paragraphs 192-200

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33131 (305) 442-1700 FAX: (305) 442-2559

F. Breach of Contract Paragraphs 201-208

G. Negligence against Builder/Developer for Other Property, Paragraphs 209-214;

H. Private Nuisance Against Builder Developer, Paragraphs 215-223;

I. Medical Monitoring on behalf of all four Plaintiffs against Builder/ Developer, Paragraphs 224-236;

Section VIII. Personal Injury Claim on behalf of all four Plaintiffs Against this Defendant, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of VICTOR A. GONZALEZ and YELENE SOCARRAS, Paragraph 286.

11.    Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, RAFULS & ASSOCIATES CONSTRUCTION, INC., the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of all four Plaintiffs Against Contractor/Installer; Paragraphs 272-284

Section VIII. Personal Injury Claim on behalf of all four Plaintiffs Against this Defendant Paragraph 285;

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 121 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX (305) 442-2559

Section IX. Loss of Consortium Claim on behalf of VICTOR A. GONZALEZ and YELENE SOCARRAS, Paragraph 286.

12.    Plaintiffs adopt and restate the following sections of the master complaint against the Defendant, G. RYWALLS CORPORATION, the contractor/installer, as if more fully set forth herein:

Section VII. COUNTS AGAINST CONTRACTOR/INSTALLER

A. Strict Liability Against Contractor/Installer, Paragraphs 237 to 256;

B. Negligence Against Contractor/Installer, Paragraphs 257 to 262;

C. Private Nuisance Against Contractor/Installer, Paragraphs 263 to 271;

D. Medical Monitoring on behalf of all four Plaintiffs Against Contractor/Installer, Paragraphs 272 to 284;

Section VIII. Personal Injury Claim on behalf of all four Plaintiffs Against this Defendant on behalf of all three Plaintiffs, Paragraph 285;

Section IX. Loss of Consortium Claim on behalf of VICTOR A. GONZALEZ and YELENE SOCARRAS, Paragraph 286.

## DEMAND FOR JURY TRIAL

Plaintiffs, VICTOR A. GONZALEZ and YELENE SOCARRAS, hereby demand a trial by jury as to all issues so triable.

ROBERTS & DURKEE, P.A.
Alhambra Towers Penthouse I, 171 Alhambra Plaza, Suite 1603, Coral Gables, Florida 33134 (305) 442-1700 FAX: (305) 442-2559

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by process server on all of the Defendants.

ROBERTS & DURKEE, P.A.
**Attorneys for Plaintiffs**
Alhambra Towers, Penthouse 1
121 Alhambra Plaza, Suite 1603
Coral Gables, Florida 33134
Tel: (305) 442-1700

BY: _____
C. DAVID DURKEE

MILSTEIN, ADELMAN & KREGER, LLP
**Attorneys for Plaintiffs**
2800 Donald Douglas Loop North
Santa Monica, CA 90405
Tel: (310) 396-9600

By: _____
WAYNE S. KREGER
ISRAEL E. GARCIA
JASON J. RUDOLPH

DATED: November 4, 2009